# Third District Court of Appeal

## State of Florida

Opinion filed April 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2801
Lower Tribunal No. 13-9865
_____

**Eulalia Balaguer and Juan H. Balaguer,**
Appellants,

vs.

**Chase Home Finance, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ronald Dresnick, Judge.

John H. Ruiz and Christine M. Lugo, for appellants.

McCalla Raymer and Toby Foor-Pessin, (Orlando), for appellee.

Before WELLS, ROTHENBERG and SCALES, JJ.

WELLS, Judge.

Eulalia and Juan H. Balaguer appeal from an order dismissing their action to quiet title and for declaratory relief, wherein they sought to have the mortgage they executed in May of 2007 as security for a $416,800 promissory note declared null and void and to have the property encumbered by it released from the lien imposed by that mortgage. For the following reasons, we affirm.

The record reflects that, on January 29, 2008, the bank filed a complaint for foreclosure which contained an allegation exercising its contractual right to accelerate the entire debt for nonpayment and declaring the full amount due. Chase Home Fin., LLC v. Balaguer, Case No. 08-05648-CA-31. When the bank failed to appear at trial scheduled for February 14, 2011, the trial court dismissed the foreclosure action without prejudice. On March 18, 2013, the Balaguers filed the instant action to quiet title to the subject property, which is predicated on the assertion that the payments due under the promissory note and the mortgage securing it were accelerated, but not foreclosed, more than five years ago thereby not only making the debt uncollectable pursuant to the applicable statute of limitations[1], but also nullifying the mortgage lien securing it.

In Deutsche Bank Trust Co. Americas v. Beauvais, No. 3D14-575, 2016 WL 1445415 (Fla. 3d DCA Apr. 13, 2016) (en banc), this court confirmed that a lender is not precluded from collecting on a defaulted promissory note where, as here, a

---

[1] See § 95.11(2)(c), Fla. Stat. (2013).

2

prior foreclosure action accelerating payment on a default has been dismissed. Nevertheless, even where a lender is barred by the statute of limitations from pursuing foreclosure during the term of a loan—an issue which is not currently before us—Beauvais also confirms that the lien imposed by the mortgage securing the still outstanding debt remains in effect until five years after the maturity date of the obligation. Id. (reversing "that portion of the trial court's order which declared that the mortgage was null and void, canceled same, and quieted title to the property in favor of the Association"); see § 95.281(1)(a), Fla. Stat. (2013) (providing that the "lien of a mortgage . . . encumbering real property, herein called mortgage . . . shall terminate . . . [i]f the final maturity of an obligation secured by a mortgage is ascertainable from the record of it, 5 years after the date of maturity").[2]

For these reasons, the order dismissing the instant action is affirmed.

---

[2] The mortgage at issue, which was recorded in the public records, expressly states that it secures a promissory note dated May 9, 2007, in the amount of $416,088 plus interest to be paid "in full not later than June 01, 2037."